UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

JESUS LEBRON-LOPEZ

Plaintiff,

*-against-*

COUNTY OF NASSAU, Police Officer NIALL BOURKE, Police Officer THEODORE HUGHES, Police Officer JOHN C. HERMAN, Police Officer(s) JOHN DOE #1-5 (names and number of whom are unknown at present)

Defendant(s),

---------------------------------------------------------------X

VERIFIED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

Case No.:________________

Jury Trial Requested

John L.. Maccarone, Esq., Law Office of John L. Maccarone, P.C., Attorneys for the Plaintiff, 70 Glen Street, Suite 330, Glen Cove, New York 11542, (516)-674-6782.

Plaintiff, JESUS LEBRON-LOPEZ, by and through his attorney, JOHN L. MACCARONE, ESQ., an attorney dully admitted to practice law within the State of New York and before the E.D.N.Y, alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a civil rights action to which Plaintiff, JESUS LEBRON-LOPEZ, seek damages sustained as a result of the Defendants' violation of his rights secured by 42 U.S.C. § 1983 and by the Fourth Amendment and Equal Protection and Due Process Clauses of the Fourteenth Amendment of the United States Constitution, and for rights secured under the laws and Constitution of the State of New York, seeking compensatory and punitive damages, and other appropriate legal, equitable and declaratory relief.

## JURISDICTION

2. Jurisdiction of this Court is proper pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 1367, supplemental and pendent jurisdiction also exist as there are related and intertwined state claims at issue which form a part of the same controversy.

3. The Action arises with questions under the Constitution of the United States, and challenge pursuant to 42 U.S.C. § 1983. Jurisdiction is accordingly founded on the existence of a Federal Question.

4. As the unlawful practices complained of herein occurred with the jurisdictional boundaries of the Eastern District of New York, venue is accordingly proper.

5. Pursuant to N.Y.S. General Municipal Law §50(e), a Notice of Claim was served upon the appropriate parties for the County of Nassau on May 17, 2022.

## PARTIES

6. Plaintiff, JESUS LEBRON LOPEZ (hereinafter referred to as "Plaintiff") is a New York Resident and Citizen of the United States, residing at 74 Bobolink Lane, Levittown, New York 11756.

7. Upon Information and belief, and at all times hereinafter mentioned, Defendant COUNTY OF NASSAU was and still is a municipal corporation organized and existing under the laws of the State of New York.

8. Upon information and belief, and at all times hereinafter mentioned, Defendant COUNTY OF NASSAU is a municipal corporation authorized under the laws of the State of New York to operate and maintain the NASSAU COUNTY POLICE DEPARTMENT, which acts as its agents in the area of law enforcement, custodial care and management of criminal offenders, and for whose actions, and the actions of individual Police Officers employed thereby,

defendant COUNTY OF NASSAU is ultimately responsible.

9. At all times hereinafter mentioned, Defendant COUNTY OF NASSAU operated, maintained, and controlled the NASSAU COUNTY POLICE DEPARTMENT, including all Police officers therein and assumed the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the consumers of the services provided by the NASSAU COUNTY POLICE DEPARTMENT.

10. Upon information and belief, and at all times mentioned hereinafter, the Defendant NIALL BOURKE (hereinafter referred to a "Bourke") was employed as a Police officer by defendant COUNTY OF NASSAU, assigned to the Bureau of Special Operations (BSO), and as such had responsibility to for taking appropriate measures to ensure that proper procedure was followed on all arrest(s) and preserve the Constitutional rights of any suspects and/or arrestees. Defendant BOURKE is sued both in his individual and official capacity. At all times hereinafter mentioned, defendant was acting within the scope of his employment with the NASSAU COUNTY POLICE DEPARTMENT.

11. Upon information and belief, and at all times mentioned hereinafter, the Defendant THEODORE HUGHES (hereinafter referred to a "Hughes") was employed as a Police officer by defendant COUNTY OF NASSAU, assigned to the Bureau of Special Operations (BSO), and as such had responsibility to take appropriate measures to ensure that proper procedure was followed on all arrest(s) and preserve the Constitutional rights of any suspects and/or arrestees. Defendant HUGHES is sued both in his individual and official capacity. At all times hereinafter mentioned, defendant was acting within his employment with the NASSAU COUNTY POLICE DEPARTMENT.

12. Upon information and belief, and at all times mentioned hereinafter, the Defendant

JOHN C. HERMAN (hereinafter referred to a "Herman") was employed as a Police officer by defendant COUNTY OF NASSAU, assigned to the First (1st) Precinct, County of Nassau, and as such had responsibility to take appropriate measures to ensure that proper procedure was followed on all arrest(s) and preserve the Constitutional rights of any suspects and/or arrestees. Defendant HERMAN is sued both in his individual and official capacity. At all times hereinafter mentioned, defendant was acting within his employment with the NASSAU COUNTY POLICE DEPARTMENT.

13. Upon information and belief, and at all times mentioned hereinafter, the Defendant(s), POLICE OFFICERS JOHN DOE #1-5 are unidentified employees of the Defendant COUNTY OF NASSAU, more particularly its law enforcement agency, NASSAU COUNTY POLICE DEPARTMENT.

14. Upon information and belief, and at all times mentioned hereinafter, the Defendant(s), POLICE OFFICERS JANE DOE #1-5 are unidentified employees of the Defendant COUNTY OF NASSAU, more particularly its law enforcement agency, NASSAU COUNTY POLICE DEPARTMENT.

15. At all times relevant herein, each and every individual defendant herein was acting under color of State Law in the course and scope of their duties and functions as officers, agents, and employees of the COUNTY OF NASSAU, at all times relevant herein with the power and authority vested in them as officers, agents and employees of the COUNTY OF NASSAU, and incidental to the lawful pursuit of their duties as officers, employees and agents of the COUNTY OF NASSAU.

## STATEMENT OF RELEVANT FACTS

16. On or about February 8, 2019 at approximately 4:20 pm, members of the Nassau County

Police Department, specifically Officer(s) Niall Bourke and Theodore Hughes, whom upon information and belief are members of the Nassau County Bureau of Special Operations (BSO), entered the Plaintiffs domicile located at 2 Pamela Court, Plainview, New York and caused a warrantless search of the entirety of Plaintiffs residence to be undertaken.

17. At the time members of the Nassau County Police Department were causing said warrantless entry and search of the Plaintiffs residence to be undertaken they did, with force, detain, restrain and handcuff the Plaintiff. Soon thereafter, additional members of the Nassau County Police Department did respond to the scene and entered the Plaintiffs residence without a warrant and caused additional searches of the residence to be undertaken in which they removed, among other things, monetary sums which constituted Plaintiffs rent monies.

18. Immediately following the warrantless entry and search of the Plaintiffs residence, the Plaintiff was charged with various alleged criminal offenses and was incarcerated for a substantial period of time pending prosecution.

19. Thereafter, from February 9, 2019 through February 18, 2022, the Plaintiff was prosecuted by the Nassau County District Attorney(s) Office despite said prosecutors having direct and actual knowledge of the wrongful and illegal acts committed by members of the Nassau County Police Department which were the sole basis for the criminal offenses for which the Plaintiff herein was charged.

20. During the course of the prosecution, it was further discovered that members of the Nassau County Police Department, namely Police Office John C. Herman, had withheld "*brady material*", specifically a video which depicted in full an alleged altercation, said altercation being the basis of one such criminal offense for which the Plaintiff was charged.

21. On September 30, 2021 and continuing on January 19, 2022, the matter was heard before

the Honorable Patricia Harrington, JCC/AJSC in the County Court, State of New York, Court of Nassau. Via Decision and Order dated January 19, 2022, any and all physical evidence seized from the residence at 2 Pamela Court, Plainview, New York as well as any statements made by Mr. Lebron Lopez thereafter were suppressed based upon the finding that the Nassau County Police Department, or members thereof, had violated the Plaintiffs Fourth Amendment Rights afforded to him under the United States Constitution and Article 1, §12 of the New York State Constitution. Said order was entered in the Clerks office of the Nassau County Court on January 20, 2022.

22. Further, during the pendency of the criminal case lodged against the Plaintiff, which was the direct and proximate cause of the Defendants actions set forth above, the Plaintiff lost all meaningful parenting time with his daughter and was forced to expend substantial sums of monies and costs associated with litigation and attorneys fees in defending both the criminal charges as well as in Family Court, and was forced to forego prospective employment opportunities.

23. As a result of the above-mentioned malicious prosecution, forcible and false arrest, false imprisonment and violations of the Plaintiffs Civil Rights by the Defendants, the Plaintiff has suffered substantial monetary loss, accrued debt, and has sustained psychological and emotional trauma.

24. A Notice of Claim was served upon the County Attorney of the County of Nassau and at least thirty (30) days have elapsed since the service of such notice and adjustment and/or payment had been neglected and/or refused.

**FIRST CAUSE OF ACTION**
***Malicious Prosecution***

25. Plaintiff repeats the allegations made in paragraphs 1-24 and incorporate those

allegations by reference with same force and effect as if herein set forth.

26. The acts and conduct of the Defendants constitutes malicious prosecution under the laws of the State of New York and Fourt Amendment to the Constitution of the United States. Defendants commenced and continued a criminal proceeding against the Plaintiff. There was actual malice and an absence of probable cause for the proceeding.

27. Defendants unlawfully concerted, maliciously conspired, wrongly charged and maliciously prosecuted Plaintiff. Defendant, County of Nassau, through its agents, servants and employees, NIALL BOURKE, THEODORE HUGHES, JOHN C. HERMAN, Police Officer JOHN DOE(S), and Police Officer JANE DOE(S), in a concerted effort actively organized and guided the investigation and decision of charges to be filed in the initiation of the criminal proceedings and the unlawful and malicious prosecution.

28. Additionally, during the pendency of said concerted effort, the County of Nassau, through its agents, servants and employees, did withhold and conceal vital and material evidence which wholly established that the Plaintiff herein was innocent of a crime for which he was charged.

29. Defendants, NIALL BOURKE, THEODORE HUGHES, JOHN C. HERMAN, Police Officer JOHN DOE(S) and Police Officer JANE DOE(S), did knowingly and willingly conspire with each other and agreed to conspire with each other to cause a warrantless entry and search of the Plaintiffs residence; illegally seize; and falsely arrest the Plaintiff herein without any justifiable basis.

30. Through a recognized and established practice of violating citizens fourth amendment rights, of which they are afforded the freedom of warrantless searches and seizures, the Defendants NIALL BOURKE, THEODORE HUGHES, JOHN C. HERMAN, Police Officer

JOHN DOE(S) and Police Officer JANE DOE(S) did enter the Plaintiffs domicile and cause a search to be undertaken of said residence and thereafter attempted to conceal such facts after wrongfully charging the Plaintiff with the intent to maliciously prosecute him.

31. The charges were not based upon probable cause, that is, the state of facts in the mind of Defendants NIALL BOURKE, THEODORE HUGHES, JOHN C. HERMAN, Police Officer JOHN DOE(S) and Police Officer JANE DOE(S) would not lead a man of ordinary caution and prudence to believe, or entertain an honest or strong suspicion that the Plaintiff was guilty.

32. Defendants NIALL BOURKE, THEODORE HUGHES, JOHN C. HERMAN, Police Officer JOHN DOE(S) and Police Officer JANE DOE(S), were at all times agents, servants, and employees acting within the scope of their employment by the County of Nassau and Nassau County Police Department, which are therefore responsible for their conduct.

33. Pursuant to 28 U.S.C. §1367, this court has pendent or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this court has jurisdiction to hear the federally based claim.

34. WHEREFORE, on this claim Plaintiffs demands compensatory damages in the amount of one million dollars ($1,000,000.00), and punitive damages in the amount of one million ($1,000,000.00) and for such other and further relief deemed to be just and equitable.

**SECOND CAUSE OF ACTION**
***Violation of Plaintiffs Fourth Amendment Rights***

35. Plaintiff repeats the allegations made in paragraphs 1-34 and incorporate those allegations by reference with same force and effect as if herein set forth.

36. The use of excessive force by defendants, police officers NIALL BOURKE, THEODORE HUGHES, JOHN C. HERMAN, Police Officer JOHN DOE(S) and Police Officer JANE DOE(S) in conducting a warrantless entry and search of the Plaintiffs residence and

physically seizing the Plaintiff was objectively unreasonable in violation of his rights under the Fourth Amendment to the United States Constitution and Article 1, §12 of the New York State Constitution.

37. WHEREFORE, on this claim Plaintiffs demands compensatory damages in the amount of one million dollars ($1,000,000.00), and punitive damages in the amount of one million ($1,000,000.00) and for such other and further relief deemed to be just and equitable.

**THIRD CAUSE OF ACTION**
***False Arrest and False Imprisonment***

38. Plaintiff repeats the allegations made in paragraphs 1-37 and incorporate those allegations by reference with same force and effect as if herein set forth.

39. The acts and conduct of the defendants constitutes false arrest and false imprisonment under the laws of the State of New York. Defendants intended to confine Plaintiff, and in fact, confined Plaintiff while Plaintiff was conscious of the confinement. The Plaintiff at no time consented to the confinement and the confinement was not otherwise privileged.

40. Defendants NIALL BOURKE, THEODORE HUGHES, JOHN C. HERMAN, Police Officer JOHN DOE(S) and Police Officer JANE DOE(S), were at all times agents, servants, and employees acting within the scope of their employment by the County of Nassau and Nassau County Police Department, which are therefore responsible for their conduct.

41. Pursuant to 28 U.S.C. §1367, this court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

42. WHEREFORE, on this claim Plaintiffs demands compensatory damages in the amount of One million dollars ($1,000,000.00), and punitive damages in the amount of three million ($1,000,000.00) and for such other and further relief deemed to be just and equitable.

**FOURTH CAUSE OF ACTION**
***Negligent Infliction of Emotional Distress***

43. Plaintiff repeats the allegations made in paragraphs 1-42 and incorporate those allegations by reference with same force and effect as if herein set forth.

44. By the actions described above, Defendant COUNTY OF NASSAU through its agents, servants and employees, Defendants NIALL BOURKE, THEODORE HUGHES, JOHN C. HERMAN, Police Officer JOHN DOE(S) and Police Officer JANE DOE(S) committed the wrongful act of negligent infliction of emotional distress, which is a tortuous act under the laws of the State of New York, by: forcibly entering and searching the Plaintiffs residence and placing him in handcuffs while searching his residence without any such authority to do so; retraining and confining the Defendants for a substantial period of time; initiating criminal proceedings against him on charges that wholly lacked any probable cause, justification or merit but which carried exorbitant penalties and periods of incarceration.

45. The Defendants actions were outrageous, extreme, beyond boundaries of decency and utterly unacceptable in a civilized society. Said actions are the proximate cause of mental anguish and suffering to the Plaintiff, the ramifications of which are still felt in present day.

46. As a consequence of the forgoing acts, Plaintiff sustained both psychological and emotional injuries and was otherwise damaged.

47. Pursuant to 28 U.S.C. §1367, this court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

48. WHEREFORE, on this claim Plaintiffs demands compensatory damages in the amount of one million dollars ($1,000,000.00), and punitive damages in the amount of one million ($1,000,000.00) and for such other and further relief deemed to be just and equitable.

## FIFTH CAUSE OF ACTION
### *Negligent Hiring, Retention, Training and Supervision*

49. Plaintiff repeats the allegations made in paragraphs 1-48 and incorporate those allegations by reference with same force and effect as if herein set forth.

50. The defendant, COUNTY OF NASSAU and its agents, servants and/ or employees acting within their employment did negligently hire, retain, train and supervise the defendants NIALL BOURKE, THEODORE HUGHES, JOHN C. HERMAN, Police Officer JOHN DOE(S) and Police Officer JANE DOE(S), individuals who were unfit for their performance of police duties on February 9, 2019 at the aforementioned location.

51. Pursuant to 28 U.S.C. §1367, this court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

52. WHEREFORE, on this claim Plaintiffs demands compensatory damages in the amount of one million dollars ($1,000,000.00), and punitive damages in the amount of three million ($1,000,000.00) and for such other and further relief deemed to be just and equitable.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands the following relief jointly and severally against all Defendants:

A. Compensatory damages in the amount of $10,000,000.00.

B. Punitive damages in the amount of $10,000,000.00

C. A Court order pursuant to 42 U.S.C. §1988, stating that Plaintiff is entitled to the costs involved in maintaining this action, including attorney(s) fees.

D. For such other and further relief that this Court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

Dated: Glen Cove, New York
February 12, 2023

LAW OFFICE OF JOHN L. MACCARONE, P.C.
By: John L. Maccarone, Esq.
70 Glen Street, Suite 330
Glen Cove, New York
(T) 516-674-6782
(F) 516-801-0143
Johnmacclaw@gmail.com

**VERIFICATION**

I, the undersigned, the Plaintiff herein being duly sworn, deposes and say: I have read the foregoing VERIFIED COMPLAINT and supporting papers and know the contents thereof, the same is true to my knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

JESUS LEBRON LOPEZ

Sworn to before this
15TH day of February, 2023

NOTARY PUBLIC

KEVIN P. MACCARONE
NOTARY PUBLIC, STATE OF NEW YORK
No. 02MA6356716
QUAILIFIED IN NASSAU COUNTY
MY COMMISSION EXPIRES APRIL 3, 2025